May it please the Court, my name is Amy Wilkins and I represent Petitioner Enrique Rodriguez-Macias. I would like to reserve two minutes for rebuttal. This case concerns the possible deportation of a legal resident of the United States who has been here 26 years. Mr. Rodriguez has lived here since the age of 14, when he was brought here with his parents in 1980. In the 26 or more years he's lived here, he's been convicted of two misdemeanors, one for indecent exposure and one for child annoyance. Mr. Rodriguez was charged with removal on two grounds, one that he'd been charged with two misdemeanors that constituted acts of moral turpitude and the other that child annoyance constituted child abuse. The immigration judge found that indecent exposure was not an act of moral turpitude. Counsel, I wonder if I could direct your attention to, at least from examining the record, it seems to me to be an oversight on your client that may be a very great difficulty for him. It appears to me that he has ignored the question of his removability under 8 U.S.C. 1227-A28-i. He's only challenging the finding of removability for the crimes of moral turpitude, but either one is sufficient to cause his removal. Do you agree with that? Your Honor, I understand your question, and thanks for the opportunity to address it. I have two responses to that. The first is that I believe that the waiver argument in this case, because it was not addressed in the opening brief, I understand that ordinarily that would be constituted waiver. However, this Court has found that waiver is not appropriate in instances where there would be no prejudice to the opposing party and if manifest injustice would result. But you don't do you contend that you do address it even if, where do you address this issue? I don't find it addressed. I'm agreeing with you, Your Honor, that it was not addressed in our opening brief of this Court. Was it addressed in a reply brief? No, there was no reply brief submitted. Well, why wasn't there a reply brief submitted? Your Honor. If in the government's brief it pointed out that you didn't challenge the ground, which is, which in itself is sufficient for removability, so it's not only not raised in the opening brief, but then it's not responded to in a reply brief. Your Honor, I believe that submitting it in a reply brief would not cure the waiver issue because it was not raised. If you don't submit it in a reply brief, it's not cured. But if you come here and do it in oral argument, it is cured? I was hoping that since it was the issue of whether child annoyance constituted child abuse was really not addressed by either party, that supplemental briefing would be the more appropriate solution due to the manifest injustice. But you didn't ask for supplemental briefing or for an opportunity to cure this. I did not. So in effect, then, do you concede that unless somehow the case is solved in an oral argument, the court was able to waive the waiver, that your client is subject to removability on the ground that I mentioned, regardless of any findings with respect to the moral turpitude issue? I do not concede that for this reason, Your Honor, because the immigration judge initially found that child annoyance constituted child abuse and nonetheless canceled my client's removal based on his, for example, longevity of residence in the United States. However, after the BIA reviewed this opinion, the BIA found, well, it is moral turpitude and put its thumb on the scale, so to speak, and said, no, cancellation in this case is not appropriate because we find moral turpitude. So the IJ's discretion was constrained, and the IJ was unable to accurately weigh the factors. So I think that What did the IJ do with the independent ground for removability to which I earlier made reference? The IJ, I'm sorry, I understand. I understand your question now. It was not addressed in his remand opinion until the very end when he did say, so the Mr. Rodriguez is removable on the two charges addressed against him. So we're faced with the situation that you've got two independent grounds of removability. The one you're challenging, the government's responded to, nobody talks about this other. But it's like, do you die of pain or of stabbing? You die either way. And in this particular case, I'm really puzzled. What basis do we have at this point to address that issue? Your client can be removed on this. There's no challenge to it. It's waived. There's no basis that I know of for waiving the waiver. Well, put it in a different way. If we assume that he's removable on the alternate ground, do you have any other argument? Well, my argument would be that it should be remanded to determine whether, even though there's a finding of child annoyance equating to child abuse, which I would submit is contrary to law, the immigration judge should still be permitted to consider, as he did initially, whether or not his removal should be canceled. He was not able to do that, even though initially he found child annoyance was child abuse, but still canceled it. Why do you say he wasn't able to do it? Because the BIA evaluated that itself and weighed the factors and refused to exercise its discretion, right? Well, the BIA did that in the confines of its finding that these two acts constituted moral turpitude. So you're finally coming down to your argument, I think. You're saying that the BIA's weighing of the circumstances was tainted by the fact that it relied on an improper ground? That's correct, Your Honor. Even though it had one proper ground, it might have weighed differently if it had restricted the weighing to that ground instead of basing it on two grounds, one of which is improper? Is that the argument? I'm not sure I understood your formulation of the argument, Your Honor. Well, then give us yours. Okay. Why is it? Normally we can't look at how the BIA weighs the factors. I understand that, Your Honor. Now, why can't we look at it in this case? The BIA made an error when it construed these two misdemeanors as acts of moral turpitude. Because it found them to be moral turpitude, it said that the immigration judge had erred in his exercise of discretion weighing the factors. Because the BIA thought that these acts were moral turpitude and reprehensible, it said, no, these other factors don't matter. And remanded for finding consistent with its decision. Because the moral turpitude decision was an error, the immigration judge wasn't able to weigh the factors. In fact, the immigration judge in his opinion on remand said, I still don't think this guy is deportable, but I don't have any choice. I have to do it. Because the BIA said. Well, that's right. So when you get told by a higher court that this is the rule, it doesn't matter what you think. You may be right. We frequently are. But that doesn't matter. When a higher court tells you something, you're bound by it. Absolutely. The higher court, in that case the BIA, weighed all the equitable factors on both sides and decided that they would not exercise their discretion and they would not grant the relief within their discretion. And why we're not allowed to evaluate that, that discretionary decision, in normal circumstances. I'm trying to see why you think we should be allowed to consider that weighing in this case. I think that if this Court agrees with the briefing that the moral turpitude decision is an error, it should be sent back for a fair determination, a fair hearing, which due process requires, on whether cancellation is appropriate. And that is within this Court's jurisdiction because it's a due process issue. All right. Thank you. Thank you. I have a minute remaining. I'm going to take that. All right. May it please the Court, Sarah Maloney for the Respondent. The Court should deny the petition for review. First, the petitioner is removable for having been convicted of a crime of child abuse. The immigration judge found so. And the petitioner didn't appeal that decision to the Board. So he's failed to exhaust his administrative remedies. And this Court, under Section 242, does not have jurisdiction to review that issue. In addition, the petitioner independently waived that issue by failing to brief it in his opening brief to this Court. Second, the Board reasonably found that the crimes of which the petitioner was convicted constituted crimes involving moral turpitude. A petitioner's crime of indecent exposure categorically constitutes a crime involving moral turpitude because that crime required that he not only expose himself or mean to expose himself, but that he intentionally directed public attention to his genitals for sexual arousal or gratification. And the Board found that this is morally depraved conduct, and that the petitioner was convicted of a crime involving moral turpitude with a disregard for sexual restraint and rules of correctness. And therefore, it's a crime involving moral turpitude. The petitioner's crime for or conviction for annoying or molesting a child under the age of 18 also categorically constitutes a crime involving moral turpitude. In order to have been convicted under that statute, the petitioner must have committed a crime involving moral turpitude. Kennedy. I'm going to ask you a question here, relating to the last argument. Is there any reason for us to consider the indecent exposure offense? Well, Petitioner is removable on that independent basis. So on that it's removable. Then that brings us to the discretionary exercise. Sure, under cancellation of removal. Yes. This Court doesn't have jurisdiction to review the agency's decision to deny cancellation of removal in the exercise of discretion under the section 242A2B1. And Petitioner has not raised a colorable constitutional claim. Well, the question that I have, at least, is suppose there were two bases for removal. One was correct and one was incorrect. Would that affect the weighing process in the cancellation of removal issue? No. No, it wouldn't. In particular, in the Board's decision in this case, denying cancellation of removal, it's clear that they weighed the factors. It doesn't mention one. There's no mention in their denial. It doesn't. When it weighs factors to decide whether to grant cancellation of removal, does it matter how bad the offense is? Might it reach a different decision in a case where it's removable? But instead of being an axe murderer, it's somebody who once smoked marijuana. Well, here under the discretionary factors test, the agency looks to criminal actions, but it doesn't attach any relevance to aggravated felony or CIMT. So the agency is just looking at the criminal actions. That's one of the factors. Well, you're saying it doesn't affect the weighing process, what the nature of the criminal action was? Whether it was one or two offenses, would it make a difference? Or could it make a difference in the weighing, whether there were two counts or one count? Sure. The more criminal actions, certainly, you know, it seems that the more negative that's going to reflect on his application, and he'll have more difficulty proving that he merits a favorable exercise of discretion. Would that lead to the conclusion that if you decided that one out of the two charges was incorrect, you would send it back for re-weighing? No. It's my understanding that when the agency looks at the criminal actions, they look at the convictions, and they don't, well, it doesn't matter what type of removable offense it is. They're looking at the criminal conduct. And also, you know, the agency can look at bad acts. So, but in the case of the one count, the one count is not challenged, and we can't look at the discretionary weighing. So that's all we have to say about the case. Yes. If the answer is that the weighing could be affected by how much criminal conduct there was, then you might have to look at the other element to see whether it affected the weighing. Well, when the agency does its discretionary analysis in any, you know, in any, for any form of relief from removal or waiver of inadmissibility, it will look at the evidence of convictions in the record. So it's not looking at, you know, the types of removal charges and what was and what was improved. And here, from the Board's decision, it's clear they're looking at the two convictions. And, you know, in its discretionary denial, it didn't classify them as a crime of child abuse under Section 237 or a CIMT under Section 237. It discussed the, the Board discussed the criminal convictions. So you're saying it really wouldn't matter whether it was right or wrong about classifying it as moral turpitude? Under the immigration laws, exactly. Okay. I see. They're looking at the fact of conviction. Well, unless there are any other questions, thank you. Thank you, counsel. I'd just like to briefly address Your Honor's last question. In this case, the BIA did address moral turpitude. It walked through both crimes, found the moral turpitude. In the very next paragraph, the BIA's opinion writes that it walks through the factors that would have lent support to Mr. Rodriguez's staying in the United States. And then it says, well, we are troubled by Mr. Rodriguez's apparent inability or refusal to acknowledge his guilt regarding his conviction for indecent exposure and annoying or molesting a child. In other words, because Mr. Rodriguez didn't admit to these being moral turpitude, it was troubled. Well, no, no. It didn't admit to the conviction. It didn't say because he didn't acknowledge that they constituted crimes of moral turpitude. He did plead guilty to both, but the BIA was troubled by his apparent lack of remorse. Yeah. Okay.  Thank you, counsel.
judges: Reinhardt, Bybee, M. Smith